UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:11-CV-008-KKC

PAUL WILLIAMS, Administrator of the Estate
of Paul D. Williams, ET AL.,                                                                PLAINTIFFS,

v.                                          **OPINION AND ORDER**

EXPEDITED LOGISTIC
SOLUTIONS, LLC, ET AL.,                                                                    DEFENDANTS,

\* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Remand [DE 9] filed by the Plaintiff, Paul Williams, Administrator of the Estate of Paul D. Williams ("Williams"). In his motion, Williams states that he does not dispute that complete diversity exists in this case. He argues that removal is nonetheless improper because all Defendants did not consent to the removal. For the following reasons, the Court will grant the motion to remand.

**I.     Background.**

This action involves a traffic accident in Pike County, Kentucky in which two individuals were killed: Paul D. Williams and Kevin D. Jones. At the time of the accident, Williams and Jones were placing traffic control warning signs on the shoulder of the road and were hit by a Freightliner tractor trailer driven by Arthur Davis. In their Complaint, the Plaintiffs assert that, at the time of the accident, the Freightliner was in violation of multiple state and federal motor vehicle safety regulations including brake violations and insufficient tire tread. (DE 2, Second Amended Complaint ¶ 21).

The Plaintiffs filed this action against the driver Arthur Davis and ultimately named 10 additional Defendants including James River Equipment Virginia, LLC ("James River"), Big Sky Specialized Carriers, Inc. ("Big Sky"), and Michael Burks, the owner of Big Sky. The Plaintiffs allege in their Complaint that James River or Big Sky contracted for Davis's services. [DE 2, Second

Amended Complaint Cross-Claim ¶ 13]. They further allege that, at the time of the accident, Davis was an "employee, agent, servant and/or representative" of James River or Big Sky. (DE 2, Second Amended Complaint ¶ 23).

The Plaintiffs originally filed this action in Pike Circuit Court. The most recent complaint filed in the state court was the Second Amended Complaint which was filed January 14, 2011. [DE 2, State Court Record; DE 6, Amended Notice ¶ 5].

On January 21, 2011, the Defendant Michael Burks removed the action to this Court, asserting in the Notice of Removal that each of the other Defendants consented to the removal and had given him permission to sign the Notice of Removal on its behalf. [DE 2, Notice ¶ 17]. On that same date, Burks also filed a "Notice of Consent to Removal" in which he again stated that the other 10 Defendants consented to the removal. [DE 4].

Four days later, however, Defendant James River Equipment Virginia, LLC filed a Notice stating that it does not consent to the removal and that it objects to removal [DE 1].

On January 28, 2011, Defendant Burks then filed a "Notice of Amendment to Notice to Consent to Removal" in which he states that James River consented to removal on January 14, 2011 via telephone. [DE 6, Amended Notice ¶ 11]. Defendant Burks further asserts that, at that time, Defendant Nationwide refused to consent to removal. [DE 6, Amended Notice ¶ 5]. However, a Defendant or Defendants agreed to indemnify Nationwide for its policy limits if it would consent to removal. [DE 6, Amended Notice ¶ 15]. Burks asserts that, after that indemnification agreement with Nationwide was finalized, Nationwide ultimately consented to removal. [DE 6, Amended Notice ¶ 18].

Burks' counsel states that, believing he had the consent of all Defendants, he began filing a Notice of Removal. However, at some point during that process, James River's counsel sent an e-mail to Burks' counsel indicating that James River would not consent to removal. [DE 6, Amended Notice

¶ 20]. In his Amended Notice of Removal, Burks asserts that removal is nonetheless proper because James River's consent to removal is not necessary because James River is fraudulently joined in this action and because it has entered into a non-removal agreement with the Plaintiffs. The Plaintiff Williams responded with a Motion to Remand this matter back to state court [DE 20]. The Plaintiff Marie Jones, Administratrix of the Estate of Kevin D. Jones, joins in the Motion to Remand [DE 19].

**II.     Analysis.**

As a general rule, all defendants must either join in the removal or file a written consent to removal. "The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533-34 n. 3 (6th Cir.1999). *Klein v. Manor Healthcare Corp.*, No. 92-4328, 1994 WL 91786, at *3 n. 8 (6th Cir.1994).

There are three exceptions to the general rule that all defendants join or consent to the removal. The exceptions apply when: (1) the non-joining defendant has not been served with service of process at the time the removal petition is filed; (2) the non-joining defendant is merely a nominal or formal party; and (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c). *Klein*, No. 92-4328,1994 WL 91786, at *3 n.8 (6th Cir. Mar. 22, 1994)).

Burks argues that James River is a "nominal" party and, thus, its consent to removal is not required. Burks argues that James River is nominal because the Plaintiffs have offered James River a "non-removal agreement" by which the Plaintiffs have agreed to limit James River's potential liability in this action in return for its agreement to object to removal. Burks also argues that James River is a nominal party because it has been fraudulently joined to this action.

A.  **Non-removal Agreement.**

As to the non-removal agreement, Burks cites no case in this circuit where a court has determined that a non-consenting defendant is nominal because he has entered into a non-removal agreement with the plaintiff. But, even assuming that this Court should determine that such an agreement would render James River nominal, the Court finds no evidence that such an agreement exists in this case.

Burks argues that the Court should infer that such an agreement exists because James River consented to removal but then revoked that consent. [DE 20 at 7]. This is not sufficient evidence from which the Court can infer a non-removal agreement.

Further, the Plaintiff Williams states that "he has not made any sort of agreement with [James River] to procure their refusal to consent to removal." [DE 9 at 7, 8]. The Plaintiff Jones also denies that any such agreement exists. [DE 19 ¶ 8]. The e-mails attached to the Amended Notice of Removal support Williams' assertion that he has no agreement with James River. In the e-mails, James River's counsel states that he declines to consent to remove this action. James River's counsel states that James River cannot agree to pay into a pool to "pay out" Nationwide because James River has no liability in this action simply "as the result of purchasing equipment from John Deere. . ." [DE 6, Ex. B]. Further, James Rivers' counsel states in the e-mail that he has a good working relationship with Pike Circuit Court. Finally, James River's counsel states that James River would reconsider its position on removal if the Defendants should agree to defend and indemnify James River, just as they had done with Nationwide.

Based upon the evidence in the record, the Court cannot find that a non-removal agreement exists between James River and the Plaintiffs. Accordingly, the Court need not decide whether such an agreement would be a sufficient basis to find that James River is a nominal party.

**B. Fraudulent Joinder.**

The next issue is whether James River has been fraudulently joined in this action. Generally, the issue of fraudulent joinder arises with regard to a non-diverse defendant. The allegation in those cases is that the plaintiff's claim against the non-diverse defendant has no basis and that the plaintiff included the non-diverse defendant solely to defeat diversity jurisdiction.

In those cases, "[t]o prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). "[I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court." *Id*. The test is not whether the defendants were added to defeat removal but "whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)(citation and quotations omitted).

The Defendant Burks argues that the fraudulent joinder analysis should apply in this case to avoid not the diversity requirement but the unanimity requirement for removal. He cites no cases in the Sixth Circuit in which the court has recognized an exception to the unanimity requirement for a non-consenting defendant that has been fraudulently joined. Nor has the Court located any. Nevertheless, the Court need not decide whether such an exception should be recognized because Burks has not established that James River is fraudulently joined to this action.

It is clear that the Plaintiffs did not name James River as a defendant in this action solely to defeat unanimity. Defendant Burks does not even assert that there was a non-removal agreement between the parties at the time that James River was named as a Defendant. In fact, Defendant Burks asserts that James River initially consented to removal.

The fact that the Plaintiffs did not name James River to defeat the unanimity requirement does not resolve this issue, however, because the Plaintiffs' intent when they initially named James River in this action is irrelevant to the fraudulent joinder analysis. *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999). The question is simply whether the Plaintiffs have a colorable cause of action against James River.

It is well established that the burden of proving fraudulent joinder is on the removing party. *Alexander*, 13 F.3d at 948-49. All disputed questions of fact and all ambiguities in the controlling state law should be resolved in favor of the plaintiff. *Id*. Thus, Defendant Burks bears the burden of showing that there is not even arguably a reasonable basis for predicting that Kentucky law might impose liability on the facts involved on James River.

Burks argues that James River was "merely the purchaser of the equipment that was being hauled at the time of the accident." [DE 6, Amended Notice at 9]. Burks asserts that there is no reasonable basis to believe that James River will be held liable for the accident simply because it purchased the product being hauled by Davis and the Freightliner.

However, in their Complaint, the Plaintiffs assert a claim of negligent hiring against James River (DE 2, Second Amended Complaint ¶ 39). They allege that James River contracted for Davis's services. [DE 2, Second Amended Complaint ¶ 13]. They further allege that "Davis, at the time of the accident. . . was an employee, agent, servant and/or representative of. . . James River." [DE 2, Second Amended Complaint ¶ 23]. In its Cross-Claim against Defendant Big Sky, James River asserts that it "*arranged* for the transportation of four pieces of equipment from John Deere to the defendant facilities in Ashland, Virginia with [Big Sky]." [DE 2, Ex. 22, Cross-Claim ¶ 1].

For the fraudulent joinder analysis, "it is worth noting the limited nature of the Court's examination of the merits of the plaintiffs' claims against [defendants]. The question is not whether the

plaintiffs will recover from [defendants]. Rather, it is whether the plaintiffs could recover from [defendants] under Kentucky law." *Winburn v. Liberty Mutual Insurance Co.*, 933 F. Supp. 664, 666 (E.D. Ky. 1996). *See also Terry v. Jackson*, 19 Fed. Appx. 377, 379-80 (6th Cir. 2001).

Under Kentucky law, an entity can be held liable for negligent hiring of an employee or an independent contractor. *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 735 (Ky. 2009); *Pine Mountain R. Co. v. Finley*, 117 S.W. 413, 415-16 (Ky. 1909). Though it is certainly possible that the Plaintiffs' claims against James River may ultimately fail, given the allegations in the Complaint, this Court cannot find that there is no reasonable basis for the claims. Accordingly, this matter must be remanded to the state court.

### III. Conclusion.

For these reasons, the Court hereby ORDERS that the Motion to Remand [DE 9] is GRANTED; and this matter is REMANDED to the Pike Circuit Court and STRICKEN from the active docket of this Court.

Dated this 2nd day of May, 2011.

**Signed By:**
*Karen K. Caldwell*
**United States District Judge**